*Law library*

IN THE SUPERIOR COURT OF GUAM

BAYVIEW IV, LLC. & KYUNG MAEK C&D, LLC.

          Plaintiffs,

HANIL ENGINEERING & CONSTRUCTION CO., LTD.,

          Intervenor

  vs.

THEODORE S. NELSON, ROBERTO R., VENTURA, DOLORES CRISOSTOMO BORJA, FELOMENA TORRES CRISOSTOMO, JOSE TORRES CRISOSTOMO, OLIVA DUENAS FROST, ALBERT S. TOPASNA, JOSEPH D. TORRES, DIANA C. TORRES, VICTORIA C. TORRES, DAVID DUENAS TORRES, and MARY E. TORRES,

          Defendants.

CIVIL CASE NO. CV0779-08

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on December 15, 2012. Attorney David Mair appeared representing the Plaintiffs (hereinafter "Bayview"). Attorney Rodney Jacob appeared representing Intervenor-Plaintiff Hanil Engineering & Construction Co. (hereinafter "Hanil"). Attorney Curtis C. Van de veld represented Defendant Nelson. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

The Complaint in this case, at this stage, rests on the quieting of title for Lot No. 10113-R3 (hereinafter "Lot R3"). Defendant Nelson filed claims to Lot R3 in the Department of Land Management (hereinafter "DLM") which placed a cloud on Hanil's title to the property. Hanil acquired Lot R3 via Quitclaim Deed which was recorded at the DLM on August 22, 2008 under

*Bayview IV & Kyung Maek v. Nelson, et al.*
Decision and Order
Civil Case No. CV0779-08      - Page 1 of 7 -

Instrument No. 778188. Prior to Hanil's purchase, Lot R3 and Lot No. 10113-3 were united as a single lot.

On June 15, 2009 and June 16, 2010, Bayview filed motions for partial summary judgment on its quiet title claim. On October 26, 2011, the Court issued a Decision and Order granting Bayview's Motion for Partial Summary Judgment against Defendant Nelson and Topasna. On the same day, the Court filed a Notice of Entry in the Docket. Summary judgment has already been granted to Plaintiff Bayview and Intervenor-Plaintiff Hanil against the other Defendants. Defendant Nelson is the last remaining Defendant as it concerns Lot R3. The Court now addresses Hanil's Motion for Summary Judgment.

Defendant Nelson placed on the record, through his previous attorney, that he has no claim on Lot 10113-3 and only Lot R3 remains at issue at this stage in the proceedings. *See* Hearing of August 28, 2009 at 10:48.

## DISCUSSION

### I. Motion for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact finder. *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn and evidence must be viewed in the light most favorable to the non-moving party. The moving party carries the burden of showing the court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's

case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 31(1986).

Hanil argues that it is the presumptive owner of the property, which moves the burden to prove otherwise on Defendant Nelson, and he is unable to present any evidence otherwise. Hanil also argues that Defendant Nelsons claims to Estate No. 49 and Estate No. 2959 do not involve Lot R3. Hanil finally argues that the issues in this case have already been addressed in a previous case and that the doctrines of *res judicata* and collateral estoppel apply.

First and foremost, this Court will not void a prior decision of a sister Court as suggested by Defendant Nelson. Under the law, the opposite must occur. While the Court appreciates Defendant Nelson's colorful argument that CV1025-05 is a decision that must be voided by this Court, the Court is limited by principles of *stare decisis* and claim preclusion.[1] The Court concludes that Defendant Nelson had the opportunity to appeal the prior ruling and is precluded from now having the benefit of a Superior Court act on behalf of the Guam Supreme Court. The Court does find Defendant Nelson persuasive, yet unconvincing, in his argument that subsequent case law would have changed the ruling in CV1025-05.[2] Again, it is not the place of this Court to overturn decisions of other courts.

Hanil has requested that this Court take judicial notice of CV1025-05. *See* Intervenor-Plaintiff Hanil Engineering & Consutrcution Co, LTD's Request for Judicial Notice in Support of Reply to Opposition to Motion for Summary Judgment. The Guam Rules of Evidence define

---

[1] The Court would be more inclined to disregard CV1025-05 if the facts were significantly different between that case and this one. Yet, that is not the case here as the facts behind the two cases are so akin, that the Court would trample over the doctrines of *res judicata* and *stare decisis* of it voided the earlier ruling.

[2] The Court in CV1025-05 granted summary judgment against Theodore Nelson and that decision quieted title to the exact property at issue in this case. *See TNN 1,* March 16, 2007 Decision and Order.

a judicially noticed fact as one "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2) (2006). While the Court understands that a judicially noticed fact is rarely conclusive of legal issues, it may shed light on the relevant history before the Court. Rule 201(d) explains that judicial notice is mandatory if requested by a party and the Court is supplied with the necessary information. Here, the Court must and will take judicial notice of the existence of CV1025-05 as Hanil requested judicial notice and presented the necessary information.

In reply to Defendant Nelson's opposition, Hanil argues that the decision in CV1025-05 is now irrevocable and cites to Guam Rules of Appellate Procedure and *Horne v. Flores*, 557 U.S. 433, 452 (2009). The Court agrees with Hanil and finds similarly. If the only avenue at preventing summary judgment in this case is by having the Court void CV1025-05, the Court will grant summary judgment. Defendant Nelson will not find relief from that previous judgment in this Court. Yet, the Court will first search for other grounds that warrant denial of summary judgment as the Court must view the facts in a light most favorable to Defendant Nelson. The Court now asks whether Defendant Nelson is warranted trial in this case based on the merits?

Next, the Court will visit Hanil's suggestion that it is a good faith purchaser as that issue may be determinative on its own. In the instant case, Intervenor-Plaintiff Hanil argues that it is a bona fide purchaser, and is therefore entitled to summary judgment based on the protections provided to bona fide purchasers. Under Guam law, there are three elements required to qualify as a bona fide purchaser; (1) purchaser acted without actual or constructive notice of another's interest in the property, (2) the purchase was made for value, and (3) the purchase was made in good faith. *See Taitano v. Lujan*, 2005 Guam 26 (citing 21 G.C.A. § 37105; *Morioka v. I&F Corp.*, Civ. No. 91-00027A, 1991 WL 255842 at *3 (D. Guam App. Div.)). Title 21 Guam Code Annotated § 29137 provides that a person taking title from a registered owner shall not be affected with notice, actual or constructive, of any unregistered claim; "no person taking a transfer of registered land...from the registered owner, shall...be affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand, or interest". The lot from which the

parcel was created via subdivision was registered pursuant to a Decree dated March 11, 1981. No Defendant, including Defendant Nelson, made a registered claim to the parcel prior to October 28th, 2002. The Court now finds that Hanil remains in a line of bona fide good faith purchasers of the property at issue as evidence was submitted proving all elements required to establish Hanil's predecessors, as well as Hanil, as bona fide purchasers.

A final claim which must be addressed is that Defendant Nelson asserts that he was not properly notified of the registration of Lot R3. All claims made by Defendant Nelson came later in time than the purchasing and recordation by at least one bona fide purchaser who later sold to Hanil's predecessors in good faith. Additionally, the claims that made it to instrument form at the DLM were canceled pursuant to the decree in SP163-08. Without a valid claim of interest in Lot R3, ongoing notice is not required. While there is still debate over whether the registration was proper, there is no debate over the effect of a determination that Hanil is a bona fide purchaser. However, pursuant to Ninth Circuit and Guam Law, a "bona fide purchaser for value holds this title against claims of fraud in the original registration or against claims that any previous registration was void." *See Taitague v. First Island*, 942 F. 2d 794 (9th Cir. 1991); *Pelowski v. Taitano*, 2000 Guam 34 (2000) (approving of reasoning in *Taitague*). Hanil's original predecessors were bona fide purchasers and under the operation of 21 GCA § 29140 bona fide purchasers subsequent to the original bona fide purchaser registering title are included. Thus, Defendant Nelson in this case is unable to achieve a superior title to the registered title held by Hanil's predecessors or Hanil itself.

Finally, the Court will discuss whether there is any merit to Defendant Nelson's suggestion that Hanil and its predecessors failed to search out adverse claimants. Defendant Nelson argues the Guam Supreme Court decision in *Taitano v. Calvo Finance Corp.*, 2009 Guam 12 provided a rule that "initial land registrants must make diligent inquiry in locating adverse claimants and that failure to do so will void any land registration decree subsequently issued to the land registrant." In opposition to the Motion for Summary Judgment, Defendant Nelson affirms that Hanil purchased the property and registered the land with DLM. Defendant Nelson only argues that Hanil's predecessors failed to search out adverse claimants and voided

any registration instrument that Hanil maintains. As such, no genuine issue of material fact exists and the Court is left with a single issue to decide. Aside from the application of the rules discussed above, judgment in this case may hinge on whether or not Hanil's predecessors failed to make a diligent inquiry in locating adverse claimants.

No party may prove a legal theory with mere suggestion. Here, there simply is not enough proof for the Court to apply the ruling in *Taitano v. Calvo Finance Corp.*, 2009 Guam 12. The Court also concludes that even if Hanil was shown failing to search out adverse claimants, this is not the proper Court to appeal the ruling in CV1025-05. Furthermore, the *Taitano* decision came more than a year after the Superior Court ruled against Nelson in CV1025-05. Therefore, even if Hanil's predecessors did not search out adverse claimants, which no evidence exists to such, Hanil is a good faith purchaser and the Court cannot overturn a prior ruling of a sister Court. The decision in *TNN Guam, Inc., v. Theodore Nelson*, CV1025-05 is controlling based on the similarity of fact, Parties and issue. That earlier decision does away with any concern the Court has over potential issues of material fact. Thus, Hanil has established that there is an absence of material fact at issue in this case and Defendant Nelson fails to present adequate evidence that creates such issue that can only be decided later.

In sum, the Court will grant summary judgment because of the doctrines of *stare decisis* and claim preclusion, which if the Court's rationale was solely based would still be adequate to grant summary judgment. As further grounds to support the granting of summary judgment, Hanil is a bona fide purchaser for value and the Court is constrained by the operation of 21 GCA Ch. 29. Simply put, Defendant Nelson is unable to refute the material facts that one, Hanil maintains superior title to the property and two, that an adverse decision in CV1025-05 exists, which resolves the specific issues in the current case. Hanil and Bayview are entitled to judgment against Defendant Nelson as a matter of law. Any issue or matter not resolved by this Decision and Order will be addressed at a future hearing.

## CONCLUSION

Intervenor-Plaintiff Hanil's Motion for Summary Judgment is hereby GRANTED. The title to Lot No. 10113-R3, in fee simple, is hereby quieted IN FAVOR of Intervenor-Plaintiff Hanil. Plaintiff Bayview joined in the Motion for Summary Judgment and the Court also GRANTS Summary Judgment to Plaintiff Bayview. The Court will not award Court costs or attorney's fees to any Party in this case. If there is any confusion how this decision applies to Lot No. 10113-3, the Court also clears title to that lot IN FAVOR of the Plaintiffs based on Defendant Nelson's verbal release of interest in that lot. The Court urges all Parties to move as quickly as possible to close this case as the Court is under the impression that most if not all issues have now been decided via stipulation, default judgment or Court order.

FEB 1 - 2013

So **ORDERED** this ____ day of February, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM